IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN A. BUTLER,                    )
                                     )
                 Petitioner,         )
                                     )
vs.                                  )        Case No.  CIV-11-240-D
                                     )
DAVID PARKER, Warden,                )
                                     )
                 Respondent.         )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C.

§ 2241, seeking habeas relief from the revocation of his suspended sentences for his state

court convictions.  United States District Judge Timothy D. DeGiusti referred this matter to

the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B).  A response to the petition has been filed, as well as a reply.  Thus, the matter

is at issue.  For the following reasons, it is recommended that the petition be denied.

## I. BACKGROUND

By this action, Petitioner challenges the revocation of eight suspended sentences

imposed in two separate cases.  Petition, 2.[1]  In case number CF-2002-3210, Petitioner was

convicted, pursuant to his guilty pleas, of one count of burglary in the first degree, for which

he was sentenced to eleven years imprisonment with all but the first three years suspended,

and one count of domestic abuse (assault and battery), for which he was sentenced to one

---

[1]The page numbers cited for the petition are the pre-printed numbers in the upper right hand
corner of the "form" petition.  Page 2 is actually the first page of the petition.

year imprisonment.  Original Record, 24-29, 30; Response, 1-2; Case No. CF-2002-3210, District Court of Oklahoma County, Docket.  In case number CF-2003-2890, Petitioner was convicted, pursuant to his guilty pleas, of one count of kidnapping, one count of procuring a child under the age of eighteen for the purpose of prostitution, and one count of child prostitution, for which he was sentenced to ten years imprisonment on each count with all but the first three years suspended, and he was also convicted of pandering, child abuse, and making lewd or indecent proposals to a child under sixteen, for which he was sentenced to fifteen years imprisonment on each count with all but the first three years suspended. Original Record, 250-55, 257-58; Response, 1-2; Case No. CF-2003-2890, District Court of Oklahoma County, Docket.  All counts in both cases were ordered to run concurrent to each other, resulting in a total imprisonment time of three years.  Original Record, 30, 258; Response, 2.  Petitioner did not seek to withdraw his pleas, and he did not appeal his convictions.  See Case No. CF-2002-3210, District Court of Oklahoma County, Docket; Case No. CF-2003-2890, District Court of Oklahoma County, Docket.

On October 18, 2007, the State filed applications to revoke the suspended sentences in both cases, alleging that Petitioner had violated the terms of his suspended sentences by failing to comply with his sex offender treatment program, failing to report to his probation officer as directed, testing positive for marijuana use on seven different occasions, failing to maintain legal and gainful employment, and violating city or state laws on four different occasions.  Original Record, 46, 267.  A hearing on the applications to revoke was held on January 18, 2008, and after testimony by witnesses for the State and Petitioner and arguments

of counsel and Petitioner, the state trial court found that the State proved all five of their allegations by a preponderance of the evidence.  Transcript of Revocation Hearing, 3-4, 70-72.  The state trial court then revoked Petitioner's suspended sentences in full and remanded him to the custody of the Oklahoma Department of Corrections (ODOC).  Transcript of Revocation Hearing,72-73; Original Transcript, 54, 283.

Petitioner filed a motion to reconsider, which the state trial court denied on May 12, 2008.  Case No. CF-2002-3210, District Court of Oklahoma County, Docket; Case No. CF-2003-2890, District Court of Oklahoma County, Docket.  Petitioner then appealed the trial court's revocation of his suspended sentences to the Oklahoma Court of Criminal Appeals, which affirmed the trial court's decision.  Butler v. State, No. RE-2008-1210 (Okla. Crim. App. Dec. 14, 2009) (attached to Response as Ex. 3).  Petitioner next filed an application for post-conviction relief, which the trial court denied, and on July 8, 2010, the Oklahoma Court of Criminal Appeals affirmed that denial.  Case No. CF-2002-3210, District Court of Oklahoma County, Docket; Case No. CF-2003-2890, District Court of Oklahoma County, Docket; Butler v. State, No. PC-2010-0517 (Okla. Crim. App. July 8, 2010) (attached to Response as Ex. 4).  The petition for federal habeas relief was filed in this Court on March 7, 2011.  Petition, 2.

## II.  STANDARD GOVERNING PETITIONS FOR HABEAS CORPUS

For factual and legal issues that have been adjudicated in state court, a federal district court may only grant a writ of habeas corpus if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). See also Branham v. Workman, No. 05-6222, 2006 WL 950656, at *1 (10th Cir. Apr. 13, 2006) (applying § 2254(d) to petition under § 2241).[2]  A state court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision but arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the petitioner's case. Williams, 529 U.S. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 411.

If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas court still owes deference to the result. Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003).  A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and

---

[2]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

pertinent federal law, that the state court's result "'unreasonably applies clearly established federal law.'"  Paine, 339 F.3d at 1198 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).  The deferential standard of review applies to this petition challenging the sufficiency of the evidence to support the revocation of Petitioner's state court sentences. Lynch v. O'Dell, No. 05-6229, 163 Fed. Appx. 704, 706 (10th Cir. Jan. 18, 2006).

## III.  DISCUSSION

Petitioner raises eight grounds for relief, and he has attached to his petition a brief in support and a number of exhibits, all of which, including the petition, total 123 pages.  By itself, the brief in support numbers nearly forty pages and seems to consist of excerpts from briefs Petitioner submitted to the state courts.  Neither the brief in support nor the exhibits attached to the petition contain consecutive page numbers.  Petitioner has also filed a lengthy reply with an accompanying exhibit, neither of which contains page numbers.  The undersigned has carefully reviewed Petitioner's filings and has considered his arguments. However, given the volume of Petitioner's filings and his failure to provide page numbers, the undersigned has not provided citations to those filings, other than the petition.

As another preliminary matter before the undersigned addresses Petitioner's grounds for relief, it is noted that Respondent argues that Grounds Two and Three of the petition are procedurally barred.  The Oklahoma Court of Criminal Appeals found that Petitioner waived his Ground Two argument when he failed to present it to the state trial court and that he waived his Ground Three argument when he failed to seek the trial judge's recusal. Response, Ex. 3, at 2-3.  "When questions of procedural bar are problematic . . . and the

substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits." Cannon v. Mullin, 383 F.3d 1152, 1159 (10th Cir. 2004); accord Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir. 2007). As Petitioner's Grounds Two and Three claims can be readily resolved on the merits without delving into issues regarding the applicability of procedural bars, the undersigned has addressed those grounds on their merits.

### A. GROUND ONE: EXCESSIVE SENTENCE

Petitioner first argues that he received an excessive sentence due to the court hearing evidence that was not contained in the State's application to revoke, for revoking his probation for the same "technical" violations for which he had been sanctioned by the ODOC, and for revoking him for traffic citations not proven by the State. Petition, 6. Respondent argues that Petitioner's excessive sentence claim is not cognizable on federal habeas review because it concerns an issue of state law. Response, 5.

Petitioner is not alleging that the sentences he received exceed the maximum allowed by law or are unauthorized. Indeed, Petitioner acknowledged at the revocation hearing that he should have received a significantly longer sentence originally, stating that because he was a police informant, he received three years for convictions which should have totaled to life imprisonment plus seventy-nine years. Revocation Hearing Transcript, 54. Instead, Petitioner seeks to challenge the state trial court's decision to revoke his sentences in full. For the reasons stated below, Petitioner's claim is unpersuasive.

The interpretation of state sentencing statutes is a matter of state law and without more, presents no federal constitutional issue that is cognizable in a habeas action. <u>Pimenta v. Crandell</u>, No. 99-2055, 1999 WL 1009518, at *4 (10th Cir. Nov. 8, 1999) ("As a general rule, federal habeas relief is not available for errors in the interpretation of state sentencing law." (citing <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991))); <u>Clark v. Scott</u>, No. 97-6184, 1998 WL 50956, at *1 (10th Cir. Feb. 9, 1998) ("Sentencing issues are matters for state courts to determine by interpreting their own statutes, and ordinarily raise no constitutional claim cognizable in habeas." (citing <u>Hill v. Page</u>, 454 F.2d 679, 680 (10th Cir. 1971))); <u>Lynch v. O'Dell</u>, No. 05-6229, 163 Fed. Appx. 704, 707 (10th Cir. Jan. 18, 2006) (petitioner failed to show that his revoked sentences were unauthorized by law or were outside the statutory limits, and thus, his sentencing claim was not cognizable on habeas review).

Under Oklahoma law, the decision to revoke a suspended sentence in whole or only in part lies within the discretion of the trial court, whose decision will not be disturbed absent an abuse of discretion. <u>Jones v. State</u>, 749 P.2d 563, 565 (Okla. Crim. App. 1988). In affirming the trial court's decision, the Oklahoma Court of Criminal Appeals cited this law and then found that the trial court did not abuse its discretion when it revoked Petitioner's suspended sentences in full because Petitioner admitted to smoking marijuana while on probation, testing positive for marijuana use and to getting kicked out of his sex offender treatment programs. Response, Ex. 3, at 2-3. Petitioner has not shown that this finding is contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court.

To the extent Petitioner is arguing that his due process rights were violated, resulting in a harsher sentence, the following is provided.  A defendant facing revocation of a suspended sentence "is not entitled to the full panoply of rights he would receive when subject to criminal prosecution." Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718, at *1 (10th Cir. May 10, 1995) (citing Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).  In reviewing such a revocation, the Court looks to "the standard of proof utilized by a state in determining the need to return a state defendant to custody, . . . the defendant's opportunity to be heard, the presentation of evidence warranting the reestablishment of custody, and the presence of a neutral and detached decisionmaker." Id. (citing Morrissey, 408 U.S. at 489). The undersigned will address the presence of a neutral and detached decisionmaker below in discussing Petitioner's Ground Three claim that he was denied a fair and impartial hearing. With regard to the remaining requirements, the undersigned finds that Petitioner's due process rights were not violated when his suspended sentences were revoked in full.

Regarding the standard of proof utilized, the state trial court properly applied the preponderance of the evidence standard.  Revocation Hearing Transcript, 7, 72; See United States v. Cantley, 130 F.3d 1371, 1376 (10th Cir. 1997) (recognizing that at a parole revocation hearing "Oklahoma law requires the State to prove 'by a preponderance of the evidence that the terms of the accused's suspension [have] been violated'") (citing Fleming v. State, 760 P.2d 206, 207 (Okla. Crim. App. 1988)); Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718, *2 (10th Cir. May 10, 1995) (finding that the "due process rights [of Oklahoma state inmate challenging probation revocation] were not violated by application

8

of the preponderance of the evidence standard of proof" and stating "[t]here is no support for the contention that the standard must be anything higher than a preponderance of the evidence"). Additionally, Petitioner was granted an opportunity to be heard and to present arguments and witnesses at the revocation hearing. Revocation Hearing Transcript, 41-49, 50-69, 70-72.

As conditions of his suspended sentences, Petitioner was required to report to his probation officer as directed, was not to violate any city, state, federal or tribal jurisdiction laws, was not to illegally possess marijuana, and was to maintain legal and gainful employment and to provide written verification of the employment. Response, Ex. 6. Additionally, while omitted from the rules and conditions of his suspended sentences completed by the state court, Petitioner was required under both ODOC procedures and Oklahoma law to participate in a sex offender treatment program. See ODOC Procedure OP-160601(II)(C); Okla. Stat. tit. 22, § 991a(A)(1)(ee).

In its application to revoke Petitioner's suspended sentences, the State alleged that (1) Petitioner failed to comply with sex offender treatment; (2) he failed to report as directed; (3) he tested positive for marijuana use on June 11, 18, and 25, 2007; July 2, 9, and 30, 2007; and September 21, 2007; (4) he failed to maintain legal and gainful employment; and (5) he was arrested for disorderly conduct on June 15, 2006; was cited for speeding and for failure to show proof of insurance on September 29, 2006; was arrested for driving under suspension and for failure to show proof of insurance on March 6, 2007; and was found driving a vehicle without a license on June 6, 2007. Original Record, 46, 267.

9

At the revocation hearing, both Angela York, Petitioner's probation officer from March 2006 to January 2008, and Kathy Cooper-Moore, Petitioner's interim probation officer while Ms. York was on leave from February 2007 to August 2007, testified that Petitioner was disruptive in his sex offender treatment programs and he failed to attend every treatment session. Revocation Hearing Transcript, 10, 16-17, 33. Petitioner did not deny that he missed treatment sessions, stating that he only attended 90% of those sessions. Revocation Hearing Transcript, 55. Ms. York also testified that Petitioner was kicked out of group therapy for being disruptive and that his individual therapy was terminated after he stopped attending. Revocation Hearing Transcript, 16. Both Ms. York and Ms. Cooper-Moore testified that Petitioner tested positive for marijuana use on June 11, 18, 25; July 2, 9, 30; and September 21, 2007, and Petitioner acknowledged that he smoked marijuana in early June 2007 and that he tested positive for marijuana use. Revocation Hearing Transcript, 11, 36-37, 56-57, 65-67. Ms. York testified Petitioner failed to report to her as required under the terms of his probation on August 13, 20, and 27, 2007, and on September 3, 10, and 27, 2007. Revocation Hearing Transcript, 9. She further testified that Petitioner never provided proof of any gainful employment. Revocation Hearing Transcript, 13-14. Lastly, she testified that Petitioner received six citations within a nine month period, and although most of the citations were for traffic offenses, he was arrested on June 15, 2006, and on March 6, 2007. Revocation Hearing Transcript, 14, 28. Ms. Cooper-Moore testified that after Petitioner told her he was driving a woman around town to run errands, she told him he was not allowed to drive because his license had been suspended. Revocation Hearing

Transcript, 35-36.  She also testified that she personally saw him driving on June 18, 2007, when his license was suspended.  Revocation Hearing Transcript, 36.  Lastly, Ms. Cooper-Moore testified that while Petitioner initially denied using marijuana, he later admitted to her that he had used it.  Revocation Hearing Transcript, 37.  Thus, the State presented sufficient evidence at the revocation hearing to find that Petitioner violated the terms of his probation.

Petitioner argues that his suspended sentences were revoked for the same violations that had earlier resulted in sanctions.  Petition, 6.  To the extent Petitioner is attempting to raise a double jeopardy claim, that claim must fail.  Probation revocation proceedings are not a criminal prosecution to which the Double Jeopardy protections apply.  See Bellin v. Smelser, No. 08-1395, 316 Fed. Appx. 780, 782 (10th Cir. Mar. 18, 2009) ("[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." (quoting United States v. DiFrancesco, 449 U.S. 117, 137 (1980))); Lynch v. O'Dell, No. 05-6229, 163 Fed. Appx. 704, 706-07 (10th Cir. Jan. 18, 2006) ("Under Oklahoma law, acquittal of a charge does not preclude use of the same evidence to revoke a suspended sentence, and such use does not constitute double jeopardy.").  Thus, Petitioner's claim that he was also subject to intermediate sanctions for some of the same "technical" violations that formed the basis for his revocation would not make the subsequent revocation of his probation offensive to the Double Jeopardy Clause.

Further, while the rules and conditions of his suspended sentences did not state that Petitioner was required to attended a sex offender treatment program, revocation of probation was appropriate on that ground.  The state trial court was required by state statute to order

Petitioner to attend a sex offender treatment program.  Okla. Stat. tit. 22, § 991a(A)(1)(ee); (10).  Petitioner does not allege that he was not notified that he was required to attend such treatment, and as shown above, he was given notice and an opportunity to refute the claim that he violated that condition.  Accordingly, the undersigned finds that Petitioner's due process rights were not violated when the state district court revoked his suspended sentences for failing to attend his sex offender treatment program.  Cf. Madden v. Faulkner, 450 P.2d 860, 862 (Okla. Crim. App. 1969) ("[S]ince there are no statutory guidelines as to the grounds for revoking a suspended sentence, it is incumbent upon a judge suspending a sentence to specify the terms, if any, upon which such suspended sentence is conditioned. Further, a person on a such suspended sentence must have notice and opportunity to refute allegations that such specified conditions have been violated before they can be deprived of their liberty.").  However, even assuming that the state district court erred in revoking Petitioner's probation for failing to attend his sex offender treatment program, revocation was still appropriate based on his marijuana use and the other violations while on probation.

Lastly, to the extent Petitioner contends that his due process rights were violated because the state trial court heard evidence that was not contained in the State's applications to revoke, his claim is rejected.  Ms. Cooper-Moore testified that she received phone calls in June 2007 from a woman and her daughter both of whom she identified.  Revocation Hearing Transcript, 34.  Ms. Cooper-Moore testified that the woman said that Petitioner had been calling and threatening her and her daughter.  Id.  The daughter called and told Ms. Cooper-Moore that Petitioner had taken her cellphone and SIM card, so she had called the

12

police.  Id.  She said the Petitioner was mad at her because she had been "whoring" for him but had stopped.  Id.  Lastly, the girl told Ms. Cooper-Moore that Petitioner called and left threatening messages.  Id.  Petitioner has not shown that this evidence affected the trial court's decision in any way.  In fact, the court clearly stated it was revoking Petitioner's probation because the State had proven the five allegations in the applications to revoke.  Revocation Hearing Transcript, 72.  As an afterthought, the trial judge stated, "And there are other occasions when nobody reported you, but you violated, too."  Revocation Hearing Transcript, 73.  Accordingly, the undersigned recommends that habeas relief be denied on Petitioner's Ground One claim.

### B.  GROUND TWO: VIOLATION OF AGREEMENT NOT TO REVOKE

Petitioner next claims that his due process rights were violated when Ms. York failed to abide by an agreement to sanction him for his failure to adhere to the conditions of his probation and to postpone the filing of an application to revoke for thirty days to allow him to become compliant with the conditions of his probation.  Petition, 8.  Respondent claims that Petitioner's argument fails because no such agreement existed between Petitioner and Ms. York and the prosecutor made no such agreement with Petitioner.  Response, 11-12.

Petitioner's claim arises from a conversation between him and Chris Hudson, the assistant district supervisor with probation and parole in Oklahoma City.  Revocation Hearing Transcript, 41.  On September 28, 2007, Ms. York asked Mr. Hudson to speak with Petitioner because Petitioner was requesting that he be allowed to move to Texas for work and to be closer to his family.  Revocation Hearing Transcript, 42.  Mr. Hudson, outside the

presence of Ms. York and without full knowledge of the extent to which Petitioner had violated the conditions of his probation, told Petitioner that if he complied with the conditions of his probation for a full month and did not test positive for marijuana use during that time, then Petitioner would be recommended for transfer to Texas, though there was no guarantee that the recommendation would be followed.  Revocation Hearing Transcript, 42-43.  Petitioner agreed to the plan, and Mr. Hudson discussed the plan with Ms. York. Revocation Hearing Transcript, 43.  While Mr. Hudson believed that Ms. York would not file a violation report for thirty days, Ms. York understood the plan to only pertain to Petitioner's interstate transfer, and that same day, September 28, 2007, she submitted a violation report to the district attorney's office, which became the basis of the application to revoke Petitioner's suspended  sentences.  Revocation Hearing Transcript, 23, 43-44.

Petitioner has not pointed to any case showing that his constitutional rights were violated as a result of any alleged agreement not to revoke.  First, the decision on whether to file an application to revoke is clearly a decision made only by the district attorney.  See Okla. Stat., tit. 22, § 991b(A).  The Petitioner does not allege that he had any agreement with the prosecutor not to file an application to revoke, and it is clear there was no such agreement.    The situation here is analogous to a prosecutor's failure to follow a promise made by a police officer to induce a suspect to make incriminating remarks.  The Tenth Circuit has found that such a situation does not warrant habeas relief.  See Martinez v. Hartley, No. 10-1390, 413 Fed. Appx. 44, 49 (10th Cir. Feb. 15, 2011).  Further, the state trial judge heard testimony about the agreement and even heard Mr. Hudson's request to her

that she postpone her decision on revocation to see if Petitioner complied with the terms and conditions to which he agreed, but the judge revoked Petitioner's probation anyway. Revocation Hearing Transcript, 41-49, 72.  Accordingly, the undersigned recommends that relief be denied on Petitioner's Ground Two claim.

## C.  GROUND THREE: FAIR AND IMPARTIAL HEARING

Petitioner claims that the trial court was biased against him and acted in an adversarial role during the revocation hearing and that as a result he was denied a fair and impartial hearing.  Petition, 9.  In his brief in support of his petition, Petitioner alleges that the trial judge made objections on behalf of the State and made various other remarks during the hearing.  Respondent contends that Petitioner's argument fails because nothing in the record shows any bias on the part of the trial court.  Response, 16-21.

As stated above, due process requires the presence of a neutral and detached decisionmaker.  A petitioner seeking federal habeas relief may make out a judicial bias claim in two ways.  First the petitioner may set forth factual allegations showing actual bias.  Davis v. LeMaster, No. 99-2161, 2000 WL 702408, at *4 (10th Cir. May 26, 2000) (citing Nichols v. Sullivan, 867 F.2d 1250, 1254 (10th Cir. 1989)).  Second, the petitioner may show an appearance of bias but must show "a strong, direct interest in the outcome of [the] case . . . sufficient to overcome th[e] presumption of evenhandedness."  Davis, 2000 WL 702408, at *4 (quoting Fero v. Kerby, 39 F.3d 1462, 1478-79 (10th Cir. 1994)).  Petitioner has shown neither here.

At the revocation hearing, the following occurred during Petitioner's attorney's cross-examination of Ms. York:

Q.      Well, my question is, even while you were sending [Petitioner] to these programs for him to get back in compliance, in the meantime, you were attempting to have his probation revoked, isn't that true?

A.      Absolutely, I want him to go to treatment.

Q.      Is that true?

A.      Whether he is in a revocation process or not, he needs to be going to treatment. I can't make him. I can encourage him and tell him what he needs to do, but it does nobody any good if he's not getting treatment. So whether you're in a revocation process or not, I encourage each and every offender to continue with their treatment. That's why I told him that he needed to go to Pathways.

Q.      Well, and he, in fact, went, right?

A.      For the first intake, yes, he did.

Q.      And if he complied with that program and attended it like he attended Cornerstone, then he would have been compliant in regard to that issue, correct?

A.      All I can tell you—

Q.      Is that yes or no?

        The Court:      Look. You know, the State is kind of asleep at the wheel here, but we're not going to be argumentative about this. And the evidence is, as she has stated repeatedly, that he was not in compliance at Cornerstone and that he did the first part of Pathways. This is not to a jury. I'm taking notes and I'm following your time line.[3]

_____

[3]Cornerstone was Petitioner's first sex offender treatment program. After he was terminated from Cornerstone, he was instructed to go to Pathways. See Revocation Hearing Transcript, 19-21.

16

Revocation Hearing Transcript, 24-25.   Later, during recross-examination, Petitioner's attorney asked Ms. York whether she typically imposed sanctions prior to seeking revocation of a suspended sentence, and the trial judge interrupted, stating that what Ms. York typically did was not relevant to the issues before the court.  Revocation Hearing Transcript, 30.  The trial judge also took judicial notice of how long marijuana stays in a person's system, she found that in-court identification of Petitioner was not at issue after the first probation officer identified him in court, she clarified Petitioner's testimony regarding his income, and she commented that fliers, posters, and tickets for shows Petitioner was promoting were not proof of income or of gainful employment.  Revocation Hearing Transcript, 28, 32, 51-52, 53.

These statements do not show any actual or apparent bias on the part of the trial judge. Petitioner's attorney did not object to any of the trial judge's statements or seek her recusal. Further, the trial judge's comments were nothing more than an attempt to facilitate the hearing, and thus are not evidence of judicial bias.  See Liteky v. United States, 510 U.S. 540, 556 (1994) ("A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune."); United States v. Erickson, 561 F.3d 1150, 1169 (10th Cir 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 173 (2009).  Accordingly, the undersigned finds that Petitioner was not denied a fair and impartial hearing and recommends that relief be denied on his Ground Three claim.

## D. GROUNDS FIVE THROUGH SEVEN:[4] INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner raises three separate ineffective assistance of counsel claims which the undersigned has chosen to address together to avoid repetition. In Ground Five, Petitioner alleges that his appellate counsel rendered ineffective assistance on direct appeal of the state trial court's decision to revoke his suspended sentences. Petition, 10a.[5] In Ground Six, he claims that the state district court applied the wrong standard in addressing his claim of ineffective assistance of appellate counsel when it denied his application for post-conviction relief. Petition, 10a. In Ground Seven, he argues that his appellate counsel was ineffective in failing to raise an ineffective assistance of trial counsel claim. Petition, 10b. Respondent argues that the Oklahoma Court of Criminal Appeals' finding that Petitioner's appellate counsel was not ineffective was not contrary to or an unreasonable application of federal law. Response, 21. Petitioner's individual claims are discussed in more detail below.

In addressing the state district court's denial of Petitioner's application for post-conviction relief, the Oklahoma Court of Criminal Appeals noted that the state district court applied the proper standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and found Petitioner's ineffective assistance of appellate counsel claims to be without merit and that Petitioner's appellate counsel adequately discharged her appellate duty. Response, Ex.

---

[4]Petitioner omitted Ground Four from his Petition. The undersigned has retained the numbering in the petition.

[5]Petitioner has inserted three unnumbered pages between pages 10 and 12 of his petition, and he has omitted page 11 entirely. The undersigned has renumbered these pages as "10a," "10b," and "10c" respectively.

4, at 2.  The Oklahoma Court of Criminal Appeals then found that the record did not support Petitioner's ineffective assistance of appellate counsel claim, stating that his counsel was not required to raise each and every issue on appeal regardless of merit.  Response, Ex. 4, at 3. The Tenth Circuit has found that the Oklahoma Court of Criminal Appeals' failure to consider the merits of an issue omitted on appeal is inconsistent with Strickland.  McGee v. Higgins, 568 F.3d 832, 838-39 (10th Cir. 2009), cert. denied, ___ U.S. ___, 130 S. Ct. 235 (2009); see also Cargle v. Mullin, 317 F.3d 1196, 1204-05 (10th Cir. 2003).  Accordingly, the Oklahoma Court of Criminal Appeals' finding in that regard is not entitled to AEDPA deference, and this Court must consider the merits of Petitioner's ineffective assistance of appellate counsel claims under the standards set forth in Strickland.

To establish that counsel was ineffective, a habeas petitioner must show (1) counsel's performance was constitutionally deficient and (2) counsel's deficient performance was prejudicial.  Strickland, 466 U.S. at 687.  See also Traynor v. Federal Bureau of Prisons, No. 96-5208, 1997 WL 748659, at *1 (10th Cir. Dec. 3, 1997) (applying Strickland to ineffective assistance of counsel claim raised in § 2241 petition).  Performance is deficient if counsel's "representation [falls] below an objective standard of reasonableness." Strickland, 466 U.S. at 688.  Errors are prejudicial if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Counsel's performance is evaluated from the attorney's perspective at the time the assistance is rendered and considered in light of all the circumstances prevailing at that time.  Strickland, 466 U.S. at 689.  There is a strong presumption that counsel's actions

fell within the "wide range of reasonable professional assistance."  <u>Strickland</u>, 466 U.S. at

689.   Because both deficient performance and prejudice must be established to prove

ineffective assistance, it is appropriate to consider whether prejudice is shown from an

alleged error without determining whether counsel performed deficiently.  <u>Strickland</u>, 466

U.S. at 697.

"The <u>Strickland</u> test also applies to claims of ineffective assistance by appellate

counsel."  <u>United States v. Gaines</u>, No. 09-5104, 358 Fed. Appx. 34, 37 (10th Cir. Dec. 22,

2009) (citing <u>Smith v. Robbins</u>, 528 U.S. 259, 285-86 (2000)).  In analyzing an ineffective

assistance of appellate counsel claim based upon the failure to raise an issue on appeal, the

habeas court should:

> [L]ook to the merits of the omitted issue, generally in relation to the other
> arguments counsel did pursue.  If the omitted issue is so plainly meritorious
> that it would have been unreasonable to winnow it out even from an otherwise
> strong appeal, its omission may directly establish deficient performance; if the
> omitted issue has merit but is not so compelling, the case for deficient
> performance is more complicated, requiring an assessment of the issue relative
> to the rest of the appeal, and deferential consideration must be given to any
> professional judgment involved in its omission; of course, if the issue is
> meritless, its omission will not constitute deficient performance.

<u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202 (10th Cir. 2003) (citations and internal quotation

marks omitted).  Unless there is a reasonable probability that the omitted claim would have

resulted in reversal, there is no ineffective assistance of appellate counsel.  <u>Neill v. Gibson</u>,

278 F.3d 1044, 1057 n.5 (10th Cir. 2001).

Each of the issues Petitioner argues his appellate counsel should have raised are

meritless, and thus, his appellate counsel did not render ineffective assistance in failing to

raise them.  Petitioner argues in his brief in support that his appellate counsel should have argued that his trial counsel erred in failing to seek dismissal of the application to revoke based on the State's failure to follow the procedure outlined in Okla. Stat. tit. 22, § 991b(B). That provision provides that the Department of Corrections shall develop a matrix of technical violations and sanctions to address the violations.  However, the statute does not prevent the district attorney from filing an application with the trial court seeking revocation of the suspended sentence.  Okla. Stat. tit. 22, § 991b(A).  That is what happened here as the record shows that an application to revoke setting forth the grounds for revocation was filed with the state district court and that competent evidence justifying revocation was presented at a hearing.  Original Record, 46, 267.  Thus, the requirements of Okla. Stat. tit. 22, § 991b(A) were met, and Petitioner has not shown that anything more was required. Accordingly Petitioner's trial counsel did not err in failing to seek dismissal under § 991b(B), and thus appellate counsel was not ineffective for failing to raise this issue.

Petitioner also claims that his appellate counsel should have argued that his trial counsel erred in failing to introduce urinalysis test results showing that he tested negative for marijuana use at various times, in failing to subpoena his employer to show that he was gainfully employed, in failing to introduce the judgment and sentence and probation agreement into evidence to show that he was not required to attend sex offender treatment, in failing to introduce a sworn affidavit showing that he did not commit the various traffic violations and the suspended driving offense he was accused of, and in failing to introduce sign-in logs showing that he had attended the sex offender treatment programs.  However,

as stated above, sufficient evidence existed to find that Petitioner had violated the conditions of his probation.  Petitioner admitted to using marijuana during his probation, to being unemployed during much of his probation, to receiving a disorderly conduct citation, and to not attending his sex offender treatment programs as required.   Revocation Hearing Transcript, 52, 55, 61, 63, 65, 67.  Both Ms. York and Ms. Cooper-Moore testified to numerous violations of Petitioner's conditions of probation, including Ms. Cooper-Moore's personal observation of Petitioner driving without a license on June 18, 2007.  Revocation Hearing Transcript, 36.  Additionally, as stated above, both state law and ODOC procedures required Petitioner to attend a sex offender treatment program regardless of whether the state trial court included that requirement as a condition of his probation.  Thus, these arguments are also meritless.  Accordingly, the undersigned recommends that relief be denied on the claims raised in Grounds Five through Seven.

### E.  GROUND EIGHT: EVIDENTIARY HEARING

Petitioner next contends that the state district court abused its discretion when it summarily disposed of his application for post-conviction relief without holding an evidentiary hearing.  Petition, 10c.  Respondent argues that Petitioner is making a due process challenge to Oklahoma's post-conviction procedures and as such that claim is not cognizable on habeas review.  Response, 39.  In addressing this claim on appeal from the state district court's denial of the application for post-conviction relief, the Oklahoma Court of Criminal Appeals found that the state district court did not err in failing to hold an

evidentiary hearing because no genuine issue of material fact existed.  Response, Ex. 4, at 3.

Petitioner is not entitled to federal habeas relief on this ground.  He has not shown that the Oklahoma Court of Criminal Appeals' decision was contrary to or an unreasonable application of federal law as determined by the Supreme Court.  See Hooks v. Roberts, No. 09-3352, 377 Fed. Appx. 735, 743 (10th Cir. Apr. 30, 2010); Preble v. Estep, No. 06-1195, 190 Fed. Appx. 697, 700 (10th Cir. Aug. 4, 2006) (dismissing § 2241 petition because petitioner failed to show that state court decision was contrary to Supreme Court precedent). Accordingly, the undersigned recommends that habeas relief be denied on Petitioner's Ground Eight claim.

### F.  GROUND NINE: CUMULATIVE ERROR

Finally, Petitioner claims that habeas relief is appropriate by reason of cumulative error.  Petition, 10c.  Respondent argues that habeas relief is not appropriate because there are no errors here.  Response, 40-41.

"Cumulative error analysis is an extension of harmless error and conducts the same inquiry as for individual error, focusing on the underlying fairness of the trial."  Darks v. Mullin, 327 F.3d 1001, 1018 (10th Cir. 2003) (citations and internal quotations omitted). The cumulative effect of individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.  Duckett v. Mullin, 306 F.3d 982, 992 (10th Cir. 2002).  Here, the undersigned finds that Petitioner has failed to establish any error, harmless or otherwise; therefore, there is no basis upon which to find cumulative error. See,

e.g., Gonzales v. Tafoya, 515 F.3d 1097, 1126 (10th Cir. 2008) (denying petitioner's claim that he was prejudiced by the cumulative effect of his counsel's errors where court concluded counsel's performance was not constitutionally deficient and, therefore, there was no error to cumulate), cert. denied 129 S. Ct. 211 (2008); United States v. Caballero, 277 F.3d 1235, 1250 (10th Cir.2002 ) ("Cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors."); Wise v. Commandant, No. 03-3129, 82 Fed. Appx. 636, 639 (10th Cir. Dec. 2, 2003).  Accordingly, the undersigned finds that Petitioner's claim of cumulative error is meritless and recommends that relief be denied on his Ground Nine claim.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 19, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule Civil Procedure 72.  Due to this recommendation, it is further recommended that Petitioner's "Motion for Bond Pending Appeal/Order for Release" [Doc. No. 11] be denied.  Petitioner is further advised that objections to the Report and Recommendation must be both timely and specific or he will waive the right to appellate review of both the factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of November, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE