IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN A. BUTLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-240-D |
| | ) |
| DAVID PARKER, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Argo recommends that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied.[1] Judge Argo also recommends that Petitioner's motion for release on bond during this proceeding be denied. In a filing denoted a "Reply" to the Report, Petitioner has made a timely written objection. Therefore, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[2]

---

[1] Although Petitioner used a form petition for relief under 28 U.S.C. § 2254, Judge Argo correctly states that the case is governed by 28 U.S.C. § 2241. Petitioner seeks relief from the revocation of suspended sentences and, therefore, challenges the execution of his sentences rather than their validity. *See Stolz v. Sanders*, No. 00-6188, 2000 WL 1730894 (10th Cir. Nov. 22, 2000) (unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A)). However, the standards of decision are the same under either statute. *Id.*

[2] Further review of all issues not addressed in Petitioner's objection, including ineffective assistance of counsel, is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Petitioner, who appears *pro se*, seeks a writ of habeas corpus based on claims of constitutional error in the January, 2008 revocation of suspended state-court sentences imposed in November, 2003. Liberally construing his *pro se* objection, the Court finds that the premise of Petitioner's challenge to Judge Argo's analysis is a new argument that Petitioner had a due process right to the procedures provided by a state statute, namely, Okla. Stat. tit. 22, § 991b(B)(1)(a)-(e). The Court declines to consider new matter raised for the first time in objection to a magistrate's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Further, Petitioner's argument lacks merit. The contours of Petitioner's federal constitutional rights are determined by federal law, and the procedures guaranteed by the Due Process Clause in the revocation of a suspended sentence are established by *Morrissey v. Brewer*, 408 U.S. 471 (1972). *See Wrone v. Anderson*, 478 F.2d 291, 293 (10th Cir. 1973); *see also Bumgarner v. Middleton*, No. 94-7003, 1995 WL 275718 (10th Cir. May 10, 1995). Petitioner provides no basis to disturb Judge Argo's conclusions that Petitioner received the procedural safeguards required by the Constitution.[3]

Petitioner also seems to assert that he is entitled to relief based on a lack of legal assistance or access to a law library at his place of confinement. This assertion again raises new matter, which the Court declines to consider. Further, it is unclear whether Petitioner relies on this newly alleged unconstitutional condition of confinement to support his petition for habeas relief, to support his motion for release on bail, or to support a request for appointment of counsel, which is contained within his objection. The Court is unaware of any legal authority for granting relief from a prison

---

[3] Arguably, Petitioner reasserts arguments previously presented in his briefs to the effect that his due process rights were violated by a lack of sufficient proof of the alleged misconduct and by the trial judge's consideration of evidence related to matters not alleged in the application to revoke. The Court concurs in Judge Argo's analysis of these issues.

sentence based on an unconstitutional condition of confinement; prison conditions are subject to challenge under civil rights laws.  *See*, *e.g.*, *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (distinguishing habeas corpus and civil rights actions); *see also Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("federal claims challenging the conditions of [a prisoner's] confinement generally do not arise under § 2241").  In addition, while this Court may have the power to release a state prisoner on bond pending a decision on a habeas petition, "a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition."  *See Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981).  The Court finds that neither situation is present in this case.  Finally, unless an evidentiary hearing is required, the appointment of counsel is a matter of judicial discretion.  *See Swazo v. Wyoming Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994).  Based on the lack of merit in Petitioner's claims, the nature and complexity of the issues raised, and Petitioner's ability to present his claims, the Court finds that appointment of counsel is not warranted.

In short, upon *de novo* review of the issues, the Court finds that Petitioner is not entitled to habeas relief for reasons fully explained by Judge Argo, and that the Petition should be denied.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 12].  The Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 3rd day of January, 2012.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE